IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                  No. CR 11-0375 JB

RHODA HANNAWEEKE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed June 17, 2011 (Doc. 12). The Court held a sentencing hearing on June 22, 2011. The primary issue is whether the Court should require, as a condition of supervised release, that Defendant Rhoda Hannaweeke must refrain from gambling, participate in a program for the treatment of gambling addiction, and provide verification of participation. Because the Court is not convinced, by a preponderance of the evidence, that Hannaweeke has a gambling problem, the Court will sustain Hannaweeke's objection. Based on the parties' agreement at the sentencing hearing, the Court will impose, as a condition of supervised release, that Hannaweeke not enter a casino for gambling purposes.

**FACTUAL BACKGROUND**

      Between approximately January 2009 and December 2009, while Hannaweeke worked as a clerk for the United States Postal Service ("USPS") in Zuni, New Mexico, she converted $9,101.98 in money orders for her personal use and her cash drawer was short $516.10. See Presentence Investigation Report ¶ 7, at 4 (disclosed April 20, 2011)("PSR"). She repaid $6,625.48 during her

employment before her conversion was discovered.  See PSR ¶ 7, at 4.  Financial difficulties motivated Hannaweeke's acts. Her financial difficulties stemmed from her husband cleaning out her bank accounts to support his girlfriend and from Hannaweeke's misguided attempts to help her children with their financial difficulties.  See PSR ¶¶ 12, 16, at 5-6.

Hannaweeke told postal investigators that she made some of the converted money orders out to casinos, because they would cash the money orders without charging a check-cashing fee.  See PSR ¶ 13, at 5.  She denies having a gambling problem.  See PSR ¶ 13, at 5.  She traveled about 110 miles to Sky City Casino in Acoma Pueblo, New Mexico, to cash to money orders.  See Addendum to the Presentence Report at 1 (disclosed June 20, 2011).

## PROCEDURAL BACKGROUND

On February 22, 2011, Plaintiff United States of America filed an Information charging Hannaweeke with misappropriating USPS funds in excess of $1000.00, in violation of 18 U.S.C. § 1711.  See Doc. 1.  On February 22, 2011, Hannaweeke pled guilty to the charge in the Information.  See Plea Minute Sheet, filed February 22, 2011 (Doc. 6).  The United States Probation Office ("USPO") disclosed a PSR for Hannaweeke on April 20, 2011.  The USPO recommended, as a condition of supervised release, that "the defendant must refrain from gambling, participate in a program for the treatment of gambling addiction and provide verification of participation."  PSR Attach. A, at 3.

On June 17, 2011, Hannaweeke filed her Sentencing Memorandum.  She raises only one objection as to the PSR's recommendations.  Hannaweeke objects to the recommended condition that she participate in a program for the treatment of gambling addiction and that she provide verification of her participation. Hannaweeke requests that the Court not impose gambling addiction treatment and verification as a condition of probation or supervised release.

On June 20, 2011, the USPO disclosed an Addendum to the PSR, in which the USPO stated that it recommended the gambling condition because Hannaweeke frequented casinos several times during the offense to cash money orders. The USPO stated:

> It appears an assessment from a mental health professional could provide insight as to whether treatment is needed. At this time, it is unclear to what extent, if any, the defendant may have [a problem] regarding gambling. If the assessment determines no need for treatment, the probation officer can recommend the gambling condition be terminated.

Addendum at 2.

On June 21, 2011, the United States filed its Response to Defendant's Sentencing Memorandum. See Doc. 13 ("Response"). The United States agrees with the USPO's conclusion "that a full assessment from a mental health professional will assist in determining whether treatment for a gambling addiction would be appropriate in this case." Response at 1. It requests that the Court order a "full mental health assessment . . . to determine whether treatment for gambling addiction is appropriate in this case." Response at 2.

At the June 22, 2011 sentencing hearing, Hannaweeke's counsel, Phillip Medrano, proffered that "she has not been in a casino to gamble in over three years and that she doesn't gamble." Transcript of Hearing at 3:22-24 (taken June 22, 2011)(Medrano).[1] Mr. Medrano asserted that the United States and USPO offer only speculation and that no evidence supports concluding that Hannaweeke has a gambling problem. Mr. Medrano also stated that he believed the Sky City Casino was the closest casino to Hannaweeke at the time of the offense. The United States noted that Hannaweeke drove over 110 miles to a casino, allegedly to avoid a check-cashing fee. The United States asserted that the cost of gas would likely exceed check-cashing fee, undermining

---

[1] The Court's citations to the transcript are to the Court Reporter's original unedited version. Any final version may contain slightly different line or page numbers.

Hannaweeke's account.  Beyond this logical inconsistency, the United States conceded that it has no evidence that Hannaweeke has a gambling problem.  See Tr. at 6:8-20 ("MR. ANDERSON: . . . But beyond that I don't have any evidence of a gambling problem here.").  The parties agreed to Hannaweeke's suggestion for an alternative condition of supervised release that the Court prohibit Hannaweeke from entering a casino for gambling purposes.  See Tr. at 5:23-6:9 (Court, Medrano, Anderson).

## ANALYSIS

Through her sentencing memorandum, Hannaweeke objects to the PSR's recommendation that, as a condition of supervised release, the Court require her to refrain from gambling activity and to verify participation in a gambling addiction treatment program.  See Sentencing Memorandum at 1.  Hannaweeke maintains that there is nothing in the PSR to indicate that she has a gambling addiction or problem, or that she gambles.  The United States requests that the Court order a "full mental health assessment . . . to determine whether treatment for gambling addiction is appropriate in this case."  Response at 2.

The Court is not convinced, by a preponderance of the evidence, that Hannaweeke has a gambling problem.  Courts "use . . . the preponderance of the evidence standard in imposing additional supervised release conditions."  United States v. Marshall, 185 F. App'x 578, 578 (9th Cir. 2006)("We have held that following United States v. Booker, district courts should resolve factual disputes at sentencing by applying the preponderance of the evidence standard." (quoting United States v. Kilby, 443 F.3d 1135, 1140 (9th Cir. 2006))).  "The district court is vested with the authority to include a requirement for mental health treatment in sentencing when appropriate to meet the sentencing goals set out in 18 U.S.C. § 3553(a)."  United States v. Majors, No. 10–1141, 2011 WL 2356466, at *2 (10th Cir. June 15, 2011)(citing United States v. Barajas, 331 F.3d 1141,

1144-45 (10th Cir. 2003)(noting authorization in 18 U.S.C. §§ 3563(b)(9) & 3583(d)))).  The sentencing guidelines recommend that a court include participation in a mental health program "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment."  U.S.S.G. § 5D1.3(d)(5).  "But it is an abuse of discretion to order psychological or psychiatric treatment when there is no evidence that it is necessary or would be helpful."  United States v. Majors, 2011 WL 2356466, at *2 (citing United States v. Kent, 209 F.3d 1073, 1077-78 (8th Cir. 2000)).  The Court cannot say on the record before it that, by a preponderance of the evidence, gambling-addiction treatment "is necessary or would be helpful" for Hannaweeke.  The evidence is that she drove a long distance to a casino.  Hannaweeke proffers that she has not been to a casino in more than three years and that she does not gamble.  The USPO does not assert that it has evidence that Hannaweeke has a gambling problem, but states that "it is unclear to what extent, if any, the defendant may have [a problem regarding gambling," and asserts a mental health evaluation may be enlightening on the matter.  The Court agrees that it is unclear whether Hannaweeke has a gambling problem.  Her statement that she went to the casino to avoid check-cashing fees raises questions considering the expense of traveling 110 miles.[2]  These questions, however, do not necessarily lead to the conclusion that she was gambling.  It may be that she thought that cashing the converted money orders far from the small town of Zuni would help to conceal her crime.  Regardless, the Court does not find, by a preponderance of the evidence, that Hannaweeke has a gambling problem or that treatment is necessary or would be a helpful condition

---

[2] It is difficult in New Mexico, with at least twelve Indian Casinos, to not go to a casino, for a wedding, birthday parties, conventions, concerts, meetings, and even state bar events.  On the other hand, many people do not gamble.  The Court, for example, has been in several casinos in New Mexico, but never gambled.  Casinos in New Mexico are just a large part of the social setting in the state.

of her supervised release.  Neither the USPO nor the United States know whether she has a gambling problem, and they are speculating, although not without some evidence.  They want the Court to impose the conditions and then, if the mental health professional says there is no gambling problem, not enforce the condition; that procedure is burdensome, and shifts the burden to have to prove the need for counseling.  The burden is on the United States to prove the need.  See United States v. Marshall, 185 F. App'x at 578.  The Court will therefore sustain Hannaweeke's objection.  The Court has imposed a couple of conditions that should alert the USPO to a gambling problem: (I) Hannaweeke must participate in and successfully complete a mental health treatment program; and (ii) Hannaweeke is prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without prior approval of the probation officer.  If the USPO determines Hannaweeke has a gambling problem, it can reapproach the parties and the Court for a modification of conditions.  In accordance with the parties' agreement at the sentencing hearing, the Court will require, as a condition of Hannaweeke's supervised release, that she not enter a casino for gambling purposes.  She may, however enter a casino for non-gambling purposes, such as eating at a restaurant.

    **IT IS ORDERED** that the request in the Defendant's Sentencing Memorandum, filed June 17, 2011 (Doc. 12), that the Court not impose, as a condition of supervised release, that Defendant Rhoda Hannaweeke must refrain from gambling, participate in a program for the treatment of gambling addiction, and provide verification of participation, is granted, and her objection to this condition is sustained.  The Court orders that, as a condition of Hannaweeke's supervised release, she may not enter a casino for gambling purposes.

                                                  _____
                                                 UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
John C. Anderson
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Phillip Medrano
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorneys for the Defendant*